NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2484

_____

STEVENS GUILMEUS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from the
Board of Immigration Appeals
No. A059-997-699
Immigration Judge: Honorable Mirlande Tadal

_____

Argued on March 29, 2022

(Opinion Filed:  July 19, 2022)

Before: RESTREPO, ROTH and FUENTES, *Circuit Judges*

Upnit K. Bhatti, Esq. [argued]
Melanie L. Bostwick, Esq.
Orrick Herrington & Sutcliffe
1152 15th Street, N.W.
Columbia Center
Washington, DC 20005

    *Counsel for Petitioner*

William P. Barr, Esq.
Dana M. Camilleri, Esq.
United States Department of Justice

Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Jonathan A. Robbins, Esq. [argued]
United States Department of Justice
1100 L Street, N.W.
Washington, DC 20530

      *Counsel for Appellee*

_____

**OPINION**[*]

_____

**RESTREPO**, *Circuit Judge*.

Stevens Guilmeus, a native and citizen of Haiti, petitions for review of the decision by the Board of Immigration Appeals ("BIA") to dismiss his appeal from the Immigration Judge's ("IJ") denying withholding of removal and protection under the Convention Against Torture ("CAT"). For the following reasons, the petition will be denied.

**I.**[1]

Guilmeus entered the United States in 2009 at the age of eighteen as a lawful permanent resident. In 2019, the Department of Homeland Security ("DHS") placed him in removal proceedings after Petitioner was detained and charged with removability following criminal convictions in 2018.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] As we write for the benefit of the parties, we set out only the facts necessary for the discussion that follows.

Before the IJ, Guilmeus applied for protection under CAT on the basis that the Haitian government would likely acquiesce to the torture he would suffer by his relatives, due to his sexual orientation.[2]  The IJ found Guilmeus's testimony credible and observed that his mother and sister had provided testimony and affidavits corroborating aspects of his testimony.  The IJ determined, however, that CAT relief was not warranted because Guilmeus had not demonstrated eligibility.  The IJ observed that Guilmeus "testified that he does not believe any government actor would harm him."  Appx. 8.  In addition, Guilmeus never reported any threats to authorities, in Haiti or the United States.[3]  The IJ did address the country condition evidence offered by Guilmeus, noting that "some civil leaders notice[d] a marked improvement in the efforts of the Haitian national police."  *Id*.

On appeal, the BIA affirmed and adopted the IJ's decision.  The BIA agreed that Guilmeus failed to demonstrate eligibility.  Guilmeus timely filed this petition for review.

---

[2] Guilmeus also applied for asylum and withholding of removal.  The IJ found that Guilmeus was barred from eligibility for asylum and withholding of removal for having been convicted of a particularly serious crime, and the BIA upheld that decision.  Because Guilmeus's briefs to this Court do not present any arguments concerning the withholding of removal based on his previous convictions, the claim is waived, and we will not discuss it further.  *See Chen v. Ashcroft*, 381 F.3d 221, 235 (3d Cir. 2004) (holding that a failure to challenge the denial of a form of relief results in waiver of the claim).

[3] We note that a failure to report does not "preclude[] an applicant from establishing that the government was willfully blind."  *Myrie v. Att'y Gen.*, 855 F.3d 509, 518 (3d Cir. 2017).  However, here the IJ and BIA simply noted that Guilmeus had not reported any threats to make the point that there was no evidence the police were aware of any problems Guilmeus faced in Haiti.

## II.[4]

To qualify for relief under CAT, Guilmeus must establish that "it is more likely than not that he [ ] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see Kaplun v. Att'y Gen.*, 602 F.3d 260, 268 (3d Cir. 2010). Torture is defined as "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). Determining whether Guilmeus faces likelihood of future torture is "a mixed question of law and fact" which requires "the IJ [to] address two questions: '(1) what is likely to happen if the petitioner is removed; and (2) does what is likely to happen amount to the legal definition of torture?'" *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017) (quoting *Kaplun*, 602 F.3d at 271).

Guilmeus argues that the IJ and BIA, "without any explanation," erred by "ignor[ing] the extensive record evidence". Guilmeus Br. 2. Specifically, Guilmeus argues that both the IJ and BIA willfully ignored country condition evidence demonstrating "widespread and growing violence towards LGBT identified individuals." *Id.* at 20. While he acknowledges that the IJ and BIA "credited [his] fear of torture" he contends the BIA (and IJ) "did not provide any reasoning for its decision to ignore such strong

---

[4] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a). For findings of fact, the BIA is required to apply a clearly erroneous standard of review to the IJ's determinations, 8 C.F.R. § 1003.1(d)(3)(i), and a *de novo* standard of review to the IJ's decisions of law, 8 C.F.R. § 1003.1(d)(3)(ii). We review *de novo* whether the agency properly analyzed the applicant's CAT protection claim. *See Quinteros v. Att'y Gen.*, 945 F.3d 772, 786 (3d Cir. 2019).

circumstantial evidence showing that public officials in Haiti will acquiesce to Mr. Guilmeus's torture." *Id.* at 20, 24.

Guilmeus argues that the failure to acknowledge the country condition evidence constitutes error. Guilmeus points to *Myrie* and asks this Court to remand the case with instructions to the BIA to consider the evidence. *See* 855 F.3d at 518 (remanding to consider circumstantial evidence that may establish willful blindness of a government's acquiescence to likely torture).

We disagree. To the contrary, we find that the BIA (and the IJ) did in fact consider the evidence Guilmeus offered to support his CAT claim. "In order for us to be able to give meaningful review to the BIA's decision, we must have some insight into its reasoning." *Id.* at 517 (citing *Awolesi v. Ashcroft*, 341 F.3d 227, 232 (3d Cir. 2003)). We may not "re-weigh evidence or . . . substitute [our] own factual determinations for those of the agency." *Thayalan v. Att'y Gen.*, 997 F.3d 132, 143 (3d Cir. 2021). To support its decision to affirm the IJ, the BIA directly addressed the evidence Guilmeus submitted. For example, the BIA noted that "the Country Report states that there are no laws criminalizing consensual same-sex conduct between adults in Haiti [ ]. On the contrary, the [IJ's] determination . . . noted a marked improvement in the efforts . . . to address the needs of the LGBTI community . . .". Appx. 8 (internal citations omitted). The BIA therefore did not err by failing to properly consider the record evidence in affirming the IJ's decision.

**III.**

For the foregoing reasons, we will accordingly deny the petition for review.

5